/FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE FEB 1 3 2014

~~Madsen, C.J.~~

CHIEF JUSTICE



This opinion was filed for record
at 8:00 am on Feb. 13, 2014

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 88207-0 |
| Respondent, | EN BANC |
| v. | |
| DAVID JOEL GOWER, | Filed ___FEB 1 3 2014___ |
| Petitioner. | |

GORDON McCLOUD, J.—Our rules of evidence have long provided that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Evidence Rule (ER) 404(b). In 2008, the legislature enacted a statute making an exception for evidence of sex offenses.[1] Former RCW 10.58.090 (2008). In 2012, this court held that statute, RCW 10.58.090, was unconstitutional. *State v. Gresham*, 173 Wn.2d 405, 413, 269 P.3d 207 (2012). In 2009, between the statute's enactment and subsequent

---

[1] "[E]vidence of the defendant's commission of another sex offense or sex offenses is admissible, notwithstanding Evidence Rule 404(b)." Former RCW 10.58.090(1) (2008).

invalidation, the trial court admitted evidence of David Gower's prior sex offenses against him at his bench trial under that unconstitutional statute. Because that evidence was improperly admitted and considered by the trial judge in finding Gower guilty, we reverse Gower's conviction and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

The State prosecuted Gower for sex crimes against his 17-year-old stepdaughter S.E.H. The prosecution took place in 2009, when both ER 404(b) and RCW 10.58.090 were in force. In accordance with those laws, the State offered evidence that Gower had committed other similar crimes against two other alleged juvenile victims, C.M. (his biological daughter) and J.K. (another stepdaughter). In a pretrial evidentiary hearing on the admissibility of that evidence, the trial court ruled it was all inadmissible under ER 404(b). But the trial court acknowledged that admissibility of that evidence under RCW 10.58.090 was a separate question and concluded that although the evidence of other sex offenses was inadmissible under ER 404(b), the evidence of the prior crimes relating to C.M. was admissible under RCW 10.58.090.[2]

---

[2] The trial court found that the evidence relating to J.K. was not admissible under either ER 404(b) or RCW 10.58.090.

The trial court entered clear findings of fact and conclusions of law explaining its decision. Under the statute, the trial court was required to consider several factors before admitting evidence of prior crimes, including "[t]he necessity of the evidence beyond the testimonies already offered at trial." Former RCW 10.58.090(6)(e). The trial court's conclusion of law 6 states exactly that—that the "evidence of the defendant's prior sexual misconduct with C.M. is necessary to the State's case at trial in the present case." Clerk's Papers (CP) at 30. The trial court thus excluded J.K.'s testimony, but admitted C.M.'s testimony, after considering and applying the statutory factors.

After a bench trial, the trial court found Gower guilty of two counts of indecent liberties and one count of incest in the second degree. Gower received consecutive life sentences for the indecent liberties convictions and 60 months for the incest conviction. Gower appealed his convictions, arguing, among other things, that RCW 10.58.090 was unconstitutional. The Court of Appeals stayed his appeal pending *Gresham*. In *Gresham*, we held that RCW 10.58.090 was unconstitutional. *Gresham*, 173 Wn.2d at 413. Nevertheless, the Court of Appeals upheld Gower's convictions in a published opinion. *State v. Gower*, 172 Wn. App. 31, 288 P.3d 665 (2012). Gower petitioned this court for review, and we granted his petition. *State v. Gower*, 177 Wn.2d 1007, 300 P.3d 416 (2013).

## ANALYSIS

### I. STANDARD OF REVIEW

A trial court's admission of evidence under RCW 10.58.090 that is inadmissible under ER 404(b) is error. *Gresham*, 173 Wn.2d at 434. "When the support of RCW 10.58.090 is removed, we are simply left with evidence admitted in violation of ER 404(b)." *Id.* at 433. Erroneous admission of evidence in violation of ER 404(b) is analyzed under the nonconstitutional harmless error standard—that is, we ask whether there is a reasonable probability that, without the error, ""'the outcome of the trial would have been materially affected.'"" *Id.* (quoting *State v. Smith*, 106 Wn.2d 772, 780, 725 P.2d 951 (1986) (quoting *State v. Cunningham*, 93 Wn.2d 823, 831, 613 P.2d 1139 (1980))).

### II. ADMISSION OF GOWER'S PRIOR SEX OFFENSES

    a. The Presumption That Judges in Bench Trials Do Not Consider Inadmissible Evidence Does Not Apply to Evidence That Is Actually Admissible and Admitted under the Law at the Time of Trial

The Court of Appeals acknowledged that the trial court erred by admitting evidence under RCW 10.58.090 that was inadmissible under ER 404(b).[3] It nevertheless held that the error was harmless based on *State v. Read*, 147 Wn.2d 238, 53 P.3d 26 (2002). In *Read*, we held that "in the absence of evidence to the contrary, we presume the judge in a bench trial does not consider inadmissible evidence in rendering a verdict." *Id.* at 242. The Court of Appeals relied on this *Read* presumption to uphold Gower's conviction.

The *Read* presumption arises because of the "unique demands" bench trials place on judges, "requiring them to sit as both arbiters of law and as finders of fact." *Id.* at 245. But the presumption is only that—an assumption that appellate courts begin with, but do not necessarily end with, depending on the case. The presumption is based on the notion that the trial judge knows and applies the law, even if he or she did not recite the particular legal rule at the time; it is "a presumption on appeal that the trial judge, knowing the applicable rules of evidence, will not consider matters which are inadmissible when making his [or her] findings." *State v. Miles*, 77 Wn.2d 593, 601, 464 P.2d 723 (1970) (citing *State v. Bell*, 59 Wn.2d 338, 352, 368 P.2d 177 (1962)).

---

[3] The State did not argue before the Court of Appeals that the prior sex offense evidence was admissible under ER 404(b), and neither the State nor Gower has briefed the issue to this court.

The *Read* presumption is, therefore, inapplicable when the judge actually "consider[ed] matters which are inadmissible when making his [or her] findings." *Id.* Thus, "[a] defendant can rebut the presumption by showing the verdict is not supported by sufficient admissible evidence, or the trial court relied on the inadmissible evidence to make essential findings that it otherwise would not have made." *Read*, 147 Wn.2d at 245-46 (citing *Greater Kan. City Laborers Pension Fund v. Superior Gen. Contractors, Inc.*, 104 F.3d 1050, 1057 (8th Cir. 1997)).

The Court of Appeals below upheld Gower's conviction because Gower failed to rebut the *Read* presumption. *Gower*, 172 Wn. App. at 40. We disagree with that result.

The *Read* presumption, as our case law makes clear, depends entirely on our recognition that the trial judge knows the rules of evidence and will therefore discount truly inadmissible evidence when making a decision in a bench trial. *Read*, 147 Wn.2d at 245; *Miles*, 77 Wn.2d at 601. That presumption is inapplicable where the evidence was actually admissible under the law in place at the time, and the judge affirmatively recognized its legal admissibility when admitting the evidence.

That is what happened here—the trial court affirmatively recognized the legal admissibility of the evidence in question. It explicitly ruled that "evidence of the defendant's prior sexual misconduct with C.M. is admissible in the present case

under RCW 10.58.090." CP at 30. It also expressly found that the State could rely on the evidence to present its case: "The court does not find that the evidence is admissible under ER 404(b), but since it is admissible under [RCW] 10.58.090, the State may utilize the evidence in its case in chief." CP at 31. Under these circumstances, we cannot presume that the trial court did not consider the inadmissible evidence.

b. Admission of Gower's Prior Sex Offenses Was Not Harmless

Without the *Read* presumption, we cannot say the error in this case was harmless. As we pointed out in *Gresham*, the potential for prejudice from admitting prior acts is "'at its highest'" in sex offense cases. *Gresham*, 173 Wn.2d at 433 (quoting *State v. Saltarelli*, 98 Wn.2d 358, 363, 655 P.2d 697 (1982)). Moreover, the analysis does not turn on whether there is sufficient evidence to convict without the inadmissible evidence. *Id.* Rather, the question is whether there is a reasonable probability that the outcome of the trial would have been different without the inadmissible evidence. *Id.* at 433-34. We are satisfied that such a reasonable probability exists in this case for the following reasons.

First, during the pretrial evidentiary hearing, the judge ruled as a matter of law that "evidence of the defendant's prior sexual misconduct with C.M. is necessary to the State's case at trial in the present case." CP at 30. Indeed, the evidence might

have been inadmissible had the judge ruled otherwise. *See* former RCW 10.58.090(6)(e) (requiring the judge to consider, among other things, the "necessity of the evidence"). The trial court's ruling that the evidence regarding C.M. was necessary to the State's case as a matter of law strongly suggests that exclusion of that evidence would have affected the verdict.

Second, the State itself argued at the pretrial hearing that "this is necessary evidence as this is essentially one person's version of events versus another." 2 Verbatim Report of Proceedings (July 13, 2009) at 124-25. At the very least, this undermines the State's current, and contrary, assertion that the prior sex offense evidence was unnecessary. *Cf. State v. Roberts,* 142 Wn.2d 471, 498, 14 P.3d 713 (2000) (characterizing as "[r]emarkabl[e]" the State's decision to take "opposite position[s]" on one factual matter in two separate but related appeals).

Third, as the State conceded in its argument to the trial court, this was a credibility case; the only corroborating evidence was a witness who corroborated details of the aftermath of one incident rather than the incident itself. Just as in *Gresham,* "[t]here were no eyewitnesses to the alleged incidents of molestation." *Gresham,* 173 Wn.2d at 433. And, as the *Gresham* court implied, the highly prejudicial evidence of prior sex offenses thus impermissibly bolstered the alleged victim's credibility. Because credibility was the main issue in this case, just as it

was the main issue in *Gresham*, we cannot say admission of that evidence was harmless.

We also note that the judge's findings of fact following the bench trial devote a full page to the testimony of the prior crime victim, C.M., and two pages to the testimony of the alleged victim in this case, S.E.H. Out of a total transcript length of about 600 pages, C.M. gave 35 pages of testimony at the pretrial hearing, and S.E.H. testified for 85 pages at trial. As the posttrial findings of fact make clear, the trial judge gave significant weight and consideration to C.M.'s testimony. Although the judge did not mention C.M. in his posttrial conclusions of law regarding Gower's guilt, that does not alter our conclusion that it is reasonably probable the outcome would have been different without the evidence of prior sex crimes. *See id.* (finding improper admission of evidence not harmless in part because a large portion of the testimony at trial "was predicated on the fact of Gresham's prior conviction").

## CONCLUSION

In *Gresham*, we invalidated RCW 10.58.090 and held that admission of otherwise inadmissible evidence under that statute was error subject to nonconstitutional harmless error analysis. We also ruled that the admission of prior sex offense evidence was not harmless where credibility was a primary issue in the case and testimony regarding the prior sex offense featured prominently at trial. The

Court of Appeals below distinguished *Gresham* on the basis that the present case was a bench trial, and Gower could not overcome the presumption that the judge at a bench trial does not consider inadmissible evidence. The Court of Appeals erred; that presumption does not apply where, as here, the evidence was actually admissible under the law at the time of the judge's decision to admit it, and the judge affirmatively recognized its legal admissibility when admitting the evidence. Without that presumption, this case is indistinguishable from *Gresham*. We therefore hold that the trial court's admission of evidence of Gower's prior sex crimes constituted reversible error. We reverse Gower's conviction and remand to the trial court for further proceedings consistent with this opinion.

_____

WE CONCUR:

Madsen, C. J.
_____

_____

_____

_____

Stephens, J.

Wiggins, J.
_____

_____

-11-

No. 88207-0

GONZÁLEZ, J. (dissenting)—Evidence of David Gower's prior crimes was improperly admitted against him. I agree with the majority that this was error. I also agree with the majority that this was not constitutional error and that the *Read* presumption that the trial judge did not rely on inadmissible evidence does not apply. Majority at 5 (quoting *State v. Read*, 147 Wn.2d 238, 242, 53 P.3d 26 (2002)). But we do not reverse convictions based on harmless error, and a careful review of the trial judge's well-reasoned decision persuades me that the error was harmless. I respectfully dissent.

We will reverse for nonconstitutional error only if "within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected." *State v. Cunningham*, 93 Wn.2d 823, 831, 613 P.2d 1139 (1980) (citing *State v. Craig*, 82 Wn.2d 777, 514 P.2d 151 (1973)). Gower makes no meaningful attempt to show us that the outcome of his trial would have been different but for the application of former RCW 10.58.090 (2008). This was an understandable strategic decision. Focusing on the fact of the error, rather than its consequence, allowed Gower to focus on the fact evidence was admitted against him under an unconstitutional statute, as it was in *State v. Gresham*, 173 Wn.2d 405, 269 P.3d 207

1

(2012). In *Gresham*, of course, we reversed under similar facts because there was "a reasonable probability that absent this highly prejudicial evidence of Gresham's prior sex offense, the jury's verdict would have been materially affected." *Id.* at 433-34 (citation omitted) (citing *State v. Saltarelli*, 98 Wn.2d 538, 363, 655 P.2d 697 (1982)). But both *Gresham* and *Saltarelli* were jury trials. The court could only speculate on the trier of fact's decision making process.

In contrast, we need not speculate here. Gower was tried before a judge who provided us with lengthy findings of fact and conclusions of law detailing the facts he relied upon in both convicting and acquitting. The judge acquitted Gower of first degree rape of a child against S.E.H. because the victim "provided too little detail to credit her account as proof beyond a reasonable doubt" and acquitted him of second degree assault with sexual motivation on the grounds the state failed to prove beyond a reasonable doubt that the spanking in question "was not authorized parental discipline under RCW 9A.16.100." Clerk's Papers (CP) at 16, 18. The judge found Gower guilty of incest and one count of indecent liberties against S.E.H. based on her testimony that she feared physical punishment if she did not comply with his demands. He also found Gower guilty of a second count of indecent liberties based on S.E.H.'s testimony, as corroborated by her sister. While the trial judge referenced Gower's prior convictions in his recitation of the facts, in no point in his conclusions of law did he rely on them. Nor did he need to do so; the testimony alone was sufficient to convict. *See Gresham,* 173 Wn.2d at 433.

True, in admitting Gower's prior convictions, the trial judge accepted the State's characterization of the evidence as "necessary to the State's case." CP at 30. But this must be read in context. The State successfully moved in a preliminary motion to admit the evidence in its case in chief. The State was doubtlessly acting on the good-faith belief that former RCW 10.58.090 (2008) was constitutional and was doubtlessly eager to give the trier of fact all evidence that supported its case. The judge's characterization of the evidence came in that context. But if the evidence of prior convictions had been so prejudicial as to shake our confidence in the conclusion, Gower likely would have been convicted on all five counts. Instead, the trial judge carefully parsed the evidence and acquitted him on two of the charges. Given that, and given that the judge had the opportunity to consider both Gower's and S.E.H.'s testimony, I am confident that the erroneously admitted prior convictions had no material effect on the outcome of this case.

The error was harmless. Thus, I respectfully dissent.

González, J.

J M Johnson

Fairhurst, J.