# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                 Respondent,

       v.

ANTHONY EDYLE GARVER,

                 Appellant.

No. 80779-0-I

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. — Garver appeals from a judgment and sentence for first degree murder with a deadly weapon. First, he asserts the trial court made factual conclusions based on matters outside the trial record. Next, he argues the written findings of fact and conclusions of law filed after he filed his opening brief give rise to an appearance of unfairness. We affirm.

## FACTS

On June 17, 2013, Phillipa Evans-Lopez was found dead in a Lake Stevens home. The medical examiner determined she had died by homicide a couple of days before her body was discovered. She had been bound to a bed and had 24 stab wounds to her chest. Her throat had been slashed.

The Washington State Patrol Crime Laboratory (WSPCL) sent a team to help process the scene for evidence. Blood spatter evidence indicated that Evans-

Lopez had been tied to the bed when most of the blood-letting occurred. It also indicated the blood spatter was deposited in a left to right direction.

The WSPCL team located deoxyribonucleic acid (DNA) and semen on Evans-Lopez's body that were a match for Anthony Garver. Garver's picture matched video surveillance from a McDonald's restaurant of a male seen with Evans-Lopez early in the morning on June 14, 2013. A witness later encountered Evans-Lopez and Garver at Walmart between five and seven in the morning. Evans-Lopez told the witness she and Garver were going to her house to get Garver a laptop. Garver had told Evans-Lopez that he was good with computers and could help her with identity theft.

On July 2, 2013, Garver was arrested at the McDonald's on an existing warrant. He agreed to a recorded interview that was transcribed and admitted into evidence.

When arrested, Garver possessed a knife. DNA on the knife blade matched both Garver and Evans-Lopez. He also possessed a laptop used by Evans-Lopez. It contained documents related to killing someone with a knife and internet searches of a murder in Lake Stevens.

The State charged Garver with first degree murder with a deadly weapon. Garver waived his right to a jury trial. A CrR 3.5 hearing was held to determine the admissibility of Garver's postarrest statements to law enforcement. The statements were found admissible. No written findings of fact or conclusions of law were entered.

At the bench trial, the State entered blood spatter evidence, including exhibit 193, a photograph of Evans-Lopez's mattress and headboard. It did not offer expert witness testimony on how to interpret that exhibit.

On October 29, 2019, the trial court gave an oral ruling on the case. The trial court's remarks included the following statement,

> In Exhibit 193, blood spatter in the master bedroom is mapped by the technicians. When you look at this exhibit it is clear that the pattern goes up and to the right, as you view it from the foot of the bed.
>
> One of the things you get to know in doing this work is that physical damage is often inflicted from the dominant hand. So the person was -- so if the person was right handed leaning over the body, and swiped the throat with this amount of force, you would expect the blood spatter to go up and to the left. But it doesn't. It goes up and to the right.
>
> When I was watching the video of Anthony signing his interview statement, I noticed that he signed left handed. The blood spatter pattern supports an inference that the assailant was left handed.

The trial court found Garver guilty as charged. Garver appeals.

## DISCUSSION

In his opening brief, Garver argues that in opining on the blood spatter evidence, the trial court made factual conclusions based on matters outside the trial record. He argues the remarks constituted testimony under ER 605 and were not subject to judicial notice under ER 201. He further argues that remand is necessary to enter findings of fact and conclusions of law for both a hearing under CrR 3.5 to determine the admissibility of evidence and under CrR 6.1(d) after the bench trial.

I.  Late Entry of Findings of Fact and Conclusions of Law

CrR 3.5(c) requires the court to enter written findings of fact and conclusions of law after the conclusion of hearings such as the hearing to determine the admissibility of Garver's postarrest statements to law enforcement. CrR 6.1(d) requires written findings of fact and conclusions of law be entered after a bench trial. State v. Head, 136 Wn.2d 619, 621-22, 964 P.2d 1187 (1998).

After Garver filed his brief, written findings and conclusions were filed for both matters. Findings of fact and conclusions of law may be submitted and entered even while an appeal is pending if the defendant is not prejudiced by the belated entry of findings. State v. Cannon, 130 Wn.2d 313, 329, 922 P.2d 1293 (1996). This precludes the need to remand on the basis of their absence.

II. Omission of Oral Remarks from Written Findings and Conclusions

The written findings and conclusions for the bench trial do not include the challenged inference regarding blood spatter evidence. The State subsequently filed a brief arguing the written findings and conclusions under CrR 6.1(d) control and supersede the trial court's challenged oral inference regarding blood spatter.

A trial court's oral decision has no binding or final effect unless it is formally incorporated into the findings of fact, conclusions of law, and judgment. State v. Kilburn, 151 Wn.2d 36, 39 n.1, 84 P.3d 1215 (2004). An appellate court may consider a trial court's oral decision so long as it is not inconsistent with the trial court's written findings and conclusions. State v. Bryant, 78 Wn. App. 805, 812–13, 901 P.2d 1046 (1995). If an oral decision conflicts with a written decision, the written decision controls. Stiles v. Kearney, 168 Wn. App. 250, 258, 277 P.3d 9

(2012).  An oral decision is "necessarily subject to further study and consideration, and may be altered, modified, or completely abandoned.  It has no final or binding effect, unless formally incorporated into the findings, conclusions, and judgment." Ferree v. Doric Co., 62 Wn.2d 561, 567, 383 P.2d 900 (1963).

It is presumed that a trial court does not consider inadmissible evidence when making its findings.  State v. Gower, 179 Wn.2d 851, 856, 321 P.3d 1178 (2014).  To overcome this presumption, the defendant must demonstrate that there is insufficient evidence to support the verdict, or that the trial court relied on impermissible evidence to make essential findings it would not have otherwise made.  Id.  The claimed error is prejudicial only if the outcome of the trial would have been materially affected had the error not occurred.  State v. Ferguson, 100 Wn.2d 131, 137, 667 P.2d 68 (1983).

The blood spatter remarks were unnecessary to the judgment and the inference was not based on expert opinion presented at trial.  But, the findings and conclusions do not incorporate these remarks.  The written findings and conclusions control over any remarks made during the trial court's oral decision. The remarks did not form a basis for the conclusions reached by the court.

III. Tailoring

Still, in his reply brief, Garver asserts the failure to include these oral remarks makes it appear as though they were tailored to address the main substantive issue raised in his appeal, creating at least an appearance of unfairness warranting reversal.

Absent a showing of prejudice or some indication that they have been tailored to address issues on appeal, the late entry of findings of fact and conclusions of law is not a ground for reversal. State v. Eaton, 82 Wn. App. 723, 727, 919 P.2d 116 (1996); overruled on other grounds by State v. Frohs, 83 Wn. App. 803, 811 n.2, 924 P.2d 384 (1996).

It is true that the written findings do not contain the contested remarks from the oral decision at the heart of Garver's appeal. But, Garver has not demonstrated that this omission was responsive to his briefing. As Garver contends, the inclusion of the remarks would have made an improper basis for the court's legal conclusions.

Further, had the court included the remarks, it would have been acting on untenable grounds by entering a factual finding unsupported by the record. See In re Marriage of Wicklund, 84 Wn. App. 763, 770 n.1, 932 P.2d 652 (1996) (noting the court acts on untenable grounds if its factual findings are unsupported by the record); State v. Dye, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013) (laying out the grounds by which a court abuses its discretion, including the factual findings being unsupported by the record). The finding would have been stricken, with the remaining factual findings to support the legal conclusions.

While Garver makes vague assertions that this was a close case, he assigns error to the fact that the omitted blood spatter inference was considered by the court in reaching its conclusions, not that the remaining findings were insufficient to support its conclusions.

6

Here, Garver's DNA and semen were found on Evans-Lopez's body. Video surveillance and witness testimony placed Garver with Evans-Lopez near the time of her death. DNA on Garver's knife blade matched both Garver and Evans-Lopez. He also possessed a laptop used by Evans-Lopez. It contained documents related to killing someone with a knife and internet searches of a murder in Lake Stevens. Proving the blood spatter evidence suggested the assailant was left-handed like Garver was unnecessary to support his conviction.

Garver has not demonstrated the findings and conclusions were inappropriately tailored. He has not demonstrated that he suffered any prejudice by the omission of the challenged remarks from the written findings. The omission of the oral remarks about blood splatter is not a reversible error.

We affirm.

Appelwick, J.

WE CONCUR:

Bowman, J.          Mann, C.J.

7