# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  56197-2-II |
| Respondent, | (consolidated with Nos. 56204-9-II; 56207-3-II; 56214-6-II; 56217-1-II; 56224-3-II; 56227-8-II; 56234-1-II; 56237-5-II; 56244-8-II; 56247-2-II; 56254-5-II) |
| v. | |
| D. E. M., | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — D.E.M. appeals twelve juvenile dispositions entered between 2001 and 2005. D.E.M. argues that his adjudication for fourth degree assault should be reversed because the juvenile court improperly shifted the burden to prove self-defense to him.  He also argues that he is entitled to withdraw two of his guilty pleas because the pleas were not knowing, voluntary, and intelligent.  We affirm all twelve of D.E.M.'s juvenile dispositions.[1]

---

[1] In eight of the dispositions on appeal, D.E.M. pleaded guilty and received standard range sentences: Cowlitz County Superior Court Cause No. 01-8-00045-7 (No. 56197-2-II), Cowlitz County Superior Court Cause No. 01-8-00200-0 (No. 56214-6-II), Cowlitz County Superior Court Cause No. 01-8-00671-4 (No. 56247-2-II), Cowlitz County Superior Court Cause No. 01-8-00719-2 (No. 56254-5-II), Cowlitz County Superior Court Cause No. 03-8-00077-1 (No. 56204-9-II), Cowlitz County Superior Court Cause No. 03-8-00277-4 (No. 56224-3-II), Cowlitz County Superior Court Cause No. 03-8-00317-7 (No. 56237-5-II), and Cowlitz County Superior Court Cause No. 03-8-00318-5 (No. 56244-8-II).  D.E.M. is not challenging the adjudications that were resolved by plea to standard range sentences.  Therefore, the eight unchallenged dispositions are affirmed.

D.E.M. also appeals a 2002 disposition on one count of third degree malicious mischief: Cowlitz County Superior Court Cause No. 02-8-00278-4 (No. 56227-8-II).  However, D.E.M does not assign any error to that disposition and he does not present any argument or authority addressing why the disposition should be reversed.  *See* RAP 10.3(a)(4), (a)(6).  We will not consider issues or assignments of error that are not supported by argument or citation to authority.

FACTS

I. FOURTH DEGREE ASSAULT[2]

On August 9, 2002, the juvenile court held a hearing on a fourth degree assault charge. The victim, M.G., testified that D.E.M. hit him. M.G. was riding his scooter when D.E.M. chased him, then punched him and pushed him down. The school bus driver who drove both D.E.M. and M.G. testified that the next day, D.E.M. told her he had punched M.G. in the stomach. The bus driver testified that D.E.M. seemed satisfied with his actions. D.E.M.'s teacher also testified that D.E.M. told her he hit M.G. D.E.M. did not tell his teacher that M.G. had hit him.

D.E.M. testified that as he was walking past M.G.'s house, M.G. walked towards him, throwing sticks. One stick hit D.E.M. in the arm. Then, M.G. punched D.E.M. in the arm and said, "What's up?" Verbatim Rep. of Proc. (VRP) (Aug. 9, 2002) at 42. D.E.M. explained, "I reacted in the way I considered that as I took self-defense action and I had punched him in the stomach." VRP (Aug. 9, 2002) at 42. D.E.M. stated that it did not hurt when M.G. punched him in the arm. D.E.M. also admitted that he and his friends often do the same thing when they are messing around. However, he felt he needed to act in self-defense because M.G.'s actions were sudden.

D.E.M.'s friend, S.G., was walking with him at the time of the incident. S.G. testified that he "saw [M.G.] punch [D.E.M.] in his arm, like, you know, like 'Hi,' you know, like as a friend."

---

*Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Accordingly, D.E.M.'s 2002 malicious mischief disposition is affirmed.

[2] Cowlitz County Superior Court Cause No. 02-8-00279-2 (No. 56234-1-II).

VRP (Aug. 9, 2002) at 54. Then, D.E.M. punched M.G. in the stomach. S.G. also stated that he did not see M.G. throwing anything, although he was not watching closely.

In closing arguments, the State argued that the punch in the arm was simply a greeting and did not explain why D.E.M. would feel the need to defend himself by punching M.G. so hard he fell to the ground. D.E.M.'s attorney reminded the court that, "of course, it's the State's burden to prove beyond a reasonable doubt that this was not self-defense." VRP (Aug. 9, 2002) at 63. D.E.M.'s attorney argued that the statements D.E.M. made to his bus driver and teacher actually supported his assertion that he felt he needed to act in self-defense. And, D.E.M.'s attorney argued that because D.E.M. felt he needed to respond to M.G.'s actions with force, the State had failed to prove that the assault was not self-defense.

The juvenile court found D.E.M. guilty of fourth degree assault. In its oral ruling, the juvenile court stated that the evidence clearly established that D.E.M. punched M.G. in the stomach. The juvenile court also stated:

> I can't find that there was self-defense in this matter. Even the Defendant admits that coming up to someone and, you know, a light punching action to the shoulder and saying, "What's up?" is something common among his peer group, and that that is not a threatening action. And that did not justify a punch in the stomach.
>
> Neither does the throwing of the sticks, if that occurred. That would not have justified the punch in the stomach.

VRP (Aug. 9, 2002) at 65. The juvenile court ordered 30 days' confinement and 3 months community supervision.

II. 2003 GUILTY PLEA[3]

On June 24, 2003, D.E.M. pleaded guilty to first degree theft. D.E.M. agreed to a manifest injustice sentence of 45-65 weeks' confinement. The agreement to the manifest injustice sentence was part of a global resolution of multiple cases. D.E.M.'s defense counsel pointed out "that the combined standard range on all of the pending charges to which he is pleading guilty is significantly in excess of two years." VRP (July 22, 2003) at 98. D.E.M. also stated that he understood the agreement to a manifest injustice sentence. The juvenile court imposed the agreed manifest injustice sentence of 45-65 weeks' confinement.

III. 2005 GUILTY PLEAS[4]

On October 13, 2005, D.E.M. pleaded guilty to second degree malicious mischief, unlawful imprisonment, and second degree escape. D.E.M. agreed to a manifest injustice sentence of 30-40 weeks of confinement on the second degree escape. This plea was also part of a global resolution which resulted in two additional charges in the current information and an entire separate case being dismissed. D.E.M. told the juvenile court that he understood he was agreeing to a manifest injustice sentence. D.E.M.'s attorney also stated that she had met with D.E.M. multiple times to discuss all the circumstance and they both agreed that they reached a good resolution on the case. The juvenile court imposed the agreed upon manifest injustice sentence.

---

[3] Cowlitz County Superior Court Cause No. 03-8-00258-8 (No. 56217-7-II).

[4] Cowlitz County Superior Court Cause No. 05-8-00101-4 (No. 56207-3-II).

No. 56197-2-II

In September 2021, D.E.M. filed notices of appeal for the above cases. A commissioner of this court accepted D.E.M.'s late notices of appeal and consolidated the cases.[5]

ANALYSIS

As to the fourth degree assault charge, D.E.M. argues that the juvenile court erred by improperly shifting the burden of proof from the State to the defense. D.E.M. also argues that his plea agreements to a manifest injustice sentence were not knowing, voluntary, and intelligent. We disagree.

I. FOURTH DEGREE ASSAULT DISPOSITION[6]

A person is guilty of fourth degree assault "if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another." RCW 9A.36.041(1).[7] " 'Assault is an intentional touching or striking of another person that is harmful or offensive, regardless of whether it results in physical injury.' " *State v. Jarvis*, 160 Wn. App.

---

[5] The State argues that D.E.M. waived his right to appeal in the malicious mischief adjudication and the fourth degree assault adjudication because D.E.M. failed to file a notice of appeal within 30 days of the adjudication. However, a commissioner of this court already ruled that the late notices of appeal should be accepted and the State did not move to modify that ruling within the required 30 days. RAP 17.7 ("An aggrieved person may object to a ruling of a commissioner . . . *only* by a motion to modify the ruling directed to the judges of the court served by the commissioner . . . not later than 30 days after the ruling is filed.") (emphasis added). Although we may have agreed with the State if it had properly moved to modify the commissioner's ruling, because the State failed to file a timely motion to modify the commissioner's rulings accepting D.E.M.'s late notices of appeal, we decline to revisit whether D.E.M.'s late notices of appeal were proper.

[6] Cowlitz County Superior Court Cause No. 02-8-00279-2 (No. 56234-1-II)

[7] Former RCW 9A.36.041 (1987) was in effect at the time of D.E.M.'s adjudication. However, there are no substantive changes to the relevant definition of fourth degree assault and, therefore, we cite to the current version of the statute.

111, 119, 246 P.3d 1280, *review denied*, 171 Wn.2d 1029 (2011) (quoting *State v. Tyler*, 138 Wn. App. 120, 130, 155 P.3d 1002 (2007)).

Self-defense is a defense to fourth degree assault. *See* RCW 9A.16.020. "The use, attempt, or offer to use force upon or toward the person of another is not unlawful . . . [w]henever used by a party about to be injured, or . . . in preventing or attempting to prevent an offense against his or her person." RCW 9A.16.020(3). Self-defense is only available to respond to the unlawful use of force. *State v. Riley*, 137 Wn.2d 904, 911, 976 P.2d 624 (1999). "If the defendant meets the 'initial burden of producing some evidence that his or her actions occurred in circumstances amounting to self-defense,' then the State has the burden to prove the absence of self-defense beyond a reasonable doubt." *State v. Grott*, 195 Wn.2d 256, 266, 458 P.3d 750 (2020) (quoting *Riley*, 137 Wn.2d at 909, 910 n.2).

D.E.M.'s argument that the juvenile court improperly shifted the burden of proof lacks merit. Just because the juvenile court did not explicitly express the State's burden of proof in its ruling, it does not follow that the juvenile court improperly shifted the burden of proof. It is reasonable to presume that the juvenile court was aware of the requirements of the law, especially when D.E.M.'s attorney correctly articulated that the State had the burden to prove the absence of self-defense twice during closing argument, immediately before the juvenile court's ruling. *See State v. Gower*, 179 Wn.2d 851, 855, 321 P.3d 1178 (2014) (stating that "the notion that the trial judge knows and applies the law, even if he or she did not recite the particular legal rule at the time" supports the presumption that the judge will not consider inadmissible evidence in a bench trial). Moreover, the issue confronting the juvenile court was a legal, not a factual one; the facts

were largely uncontested—the only issue was whether M.G.'s light punch and "What's up?" justified D.E.M. acting in self-defense.

To the extent, D.E.M. is arguing that the fourth degree assault disposition is not supported by substantial evidence, this argument also fails. We review findings of fact in a juvenile adjudication for substantial evidence. *State v. A.N.J.*, 168 Wn.2d 91, 107, 225 P.3d 956 (2010). Substantial evidence is evidence sufficient to persuade a fair-minded person of the truth of the finding. *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014). A juvenile offender challenging the sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences that may be drawn therefrom. *State v. Houston-Sconiers*, 188 Wn.2d 1, 15, 391 P.3d 409 (2017). We defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of the evidence. *Homan*, 181 Wn.2d at 106. The juvenile court's findings must support the conclusions of law. *Id.*

Here, substantial evidence supported the juvenile court's finding that M.G.'s light punching action and "What's up?" was a common greeting among the general peer group. Both S.G. and D.E.M. testified that punching in the arm was a common greeting. And S.G. characterized M.G.'s actions as a friendly hello gesture. A common, friendly greeting is not an unlawful use of force that justifies acting in self-defense. *See Riley*, 137 Wn.2d at 911 (Self-defense is only available to respond to the unlawful use of force.). And to the extent the juvenile court did not find D.E.M.'s testimony that he felt it was necessary to respond in self-defense credible, we defer to the trier of fact on issues of witness credibility. *Homan*, 181 Wn.2d at 106.

The juvenile court did not improperly shift the burden of proof and the juvenile court's findings are supported by substantial evidence. Accordingly, we affirm D.E.M.'s fourth degree assault disposition.

## II. GUILTY PLEAS WITH AGREED MANIFEST INJUSTICE SENTENCE[8]

"Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent." *State v. Mendoza*, 157 Wn.2d 582, 587, 141 P.3d 49 (2006). A plea is not knowing or voluntary when it is based on misinformation about the direct sentencing consequences of the plea. *State v. Robinson*, 172 Wn.2d 783, 790, 263 P.3d 1233 (2011).

Under RCW 13.40.160(2), the juvenile court may impose a disposition outside the standard range if the juvenile court concludes "that disposition within the standard range would effectuate a manifest injustice . . . ."[9] To impose a manifest injustice sentence above the standard range, the juvenile court must find that the disposition "would impose a serious, and clear danger to society in light of [chapter 13.40 RCW]." RCW 13.40.020(20).[10] Although RCW 13.40.150(3)(i) provides a list of aggravating factors, those factors are not exclusive and the juvenile court may

---

[8] Cowlitz County Superior Court Cause No. 03-8-00258-8 (No. 56217-7-II) and Cowlitz County Superior Court Cause No. 05-8-00101-4 (No. 56207-3-II).

[9] Former RCW 13.40.160(2) (2002) was in effect at the time of D.E.M.'s 2003 plea and former RCW 13.40.160(2) (2004) was in effect at the time of D.E.M.'s 2005 plea. However, there have been no changes to the relevant section and, therefore, we cite to the current version of the statute.

[10] Former RCW 13.40.020 (2002) was in effect at the time of D.E.M.'s 2003 plea and former RCW 13.40.020 (2004) was in effect at the time of D.E.M.'s 2005 plea. However, there were no substantive changes to the definition of "manifest injustice." Therefore, we cite to the current version of the statute.

impose a manifest injustice sentence based on nonstatutory factors. *State v. M.S.*, 197 Wn.2d 453, 470-71, 484 P.3d 1231 (2021).

Here, D.E.M. fails to show that his pleas were not knowing, voluntary, and intelligent for several reasons. First, nothing in the record establishes that D.E.M. was misinformed of the direct consequences of his pleas. The record clearly establishes that D.E.M. was informed he would be receiving manifest injustice sentences and the length of those sentences. Further, D.E.M. informed the juvenile court that he understood the agreed manifest injustice sentences.

Second, the record does not support D.E.M.'s contention that he agreed to a manifest injustice sentence because he was misinformed that there were aggravating circumstances that would support a manifest injustice sentence. Br. of Appellant at 19 ("Here, D.E.M. entered the manifest injustice dispositions on the belief that there were aggravating factors to support a disposition above the standard range."). Instead, the record clearly establishes that D.E.M. agreed to a manifest injustice sentence in order to achieve global resolutions to multiple cases with multiple charges.

Third, to the extent that D.E.M. is arguing that he could not knowingly agree to a manifest injustice sentence without the existence of a statutory aggravating factors, this argument lacks merit. Knowledge of a statutory aggravating factor is not necessary because the juvenile court may impose a manifest injustice sentence based on nonstatutory factors. *M.S.*, 197 Wn.2d at 470-71. Further, in *State v. Beaver*, the appellant argued that the juvenile court improperly imposed a manifest injustice based on the possibility that the appellant would be released early. 148 Wn.2d 338, 348-49, 60 P.3d 586 (2002). Our Supreme Court recognized that "the possibility a juvenile may be released before the maximum term of a standard range disposition is not a proper basis for

finding manifest injustice." *Id*. at 348. However, our Supreme Court affirmed the manifest injustice sentence because the juvenile court imposed the manifest injustice sentence based on the appellant's agreement, not based on the possibility of early release. *Id*. at 349. Therefore, it appears that the parties' agreement is a nonstatutory factor that will support a manifest injustice sentence and, as explained above, D.E.M. knew he was agreeing to a manifest injustice sentence.

D.E.M. has failed to show that his plea agreements resulting in manifest injustice sentences were not knowing, voluntary, or intelligent.[11] Therefore, he has not established that his guilty pleas should be withdrawn. We affirm D.E.M.'s guilty pleas that resulted in agreed manifest injustice sentences.

We affirm all twelve juvenile dispositions D.E.M. appealed.

---

[11] The State argues that D.E.M.'s appeals related to his pleas are moot because D.E.M. has already served the manifest injustice sentences. An appeal is moot if the court cannot provide effective relief. *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). Because D.E.M. is arguing that he should be entitled to withdraw his guilty pleas, not challenging the manifest injustice sentence, this court can provide effective relief. Therefore, the appeal is not moot to the extent D.E.M. is seeking to withdraw his guilty pleas. However, to the extent that D.E.M. makes a different argument that a manifest injustice sentence was improperly imposed because the juvenile court failed to enter adequate findings, that argument is moot.

No. 56197-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

CHE, J.