

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE JUL 1 8 2019
Fairhurst. CJ.
CHIEF JUSTICE

This opinion was
filed for record
at 8 am on July 18, 2019

for Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | No. 96325-8 |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| BRENDAN REIDY TAYLOR, | ) | |
| | ) | Filed ___ JUL 1 8 2019 ___ |
| Respondent. | ) | |
| | ) | |

OWENS, J. — Brendan Reidy Taylor was charged with felony violation of a no-contact order. Before trial, Taylor offered to stipulate that a domestic violence no-contact order was in place and that he knew of the order. The trial court rejected Taylor's offered stipulation and admitted the no-contact order into evidence at trial. The trial court reasoned that the United States Supreme Court's decision in *Old Chief v. United States*,[1] which requires a trial court to accept a defendant's offered stipulation to the fact of a prior felony conviction in a felon-in-possession prosecution, did not apply to the admission of a domestic violence no-contact order. The jury

---

[1] 519 U.S. 172, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997).

convicted Taylor as charged, and the Court of Appeals reversed, holding that *Old Chief* applied to the admission of the no-contact order and required that the trial court exclude the no-contact order from evidence.

This case presents an issue of first impression: Does the rationale of *Old Chief* apply to a defendant's offer to stipulate to a domestic violence no-contact order in a felony violation of a no-contact order prosecution, requiring the trial court to accept the offered stipulation and exclude the order under ER 403? We decline to extend *Old Chief* to felony violation of a no-contact order prosecutions. The probative value of a domestic violence no-contact order far outweighs any danger of unfair prejudice: a no-contact order provides the specific restrictions imposed on a defendant, is closely related to a felony violation of a no-contact order charge, and is evidence of multiple elements of that offense. Accordingly, we hold that the trial court did not abuse its discretion in admitting Taylor's no-contact order into evidence, and we reverse and remand to the Court of Appeals.

## FACTS

Taylor and his girlfriend, Anna,[2] began living together in January 2016. Later that year, Taylor was convicted of a domestic violence offense involving Anna. Following Taylor's conviction, the Kittitas County Superior Court entered a domestic violence no-contact order prohibiting Taylor from contacting Anna, finding that

---

[2] We refer to Anna by only her first name to avoid subjecting her to unwanted publicity. We intend no disrespect.

2

Taylor "represent[ed] a credible threat to [her] physical safety." Pl.'s Ex. 35, at 2. The order also forbid Taylor from coming within 1,000 feet of Anna's residence and prohibited Taylor from assaulting or causing any bodily injury to Anna.

Despite the no-contact order, Taylor and Anna resumed living together. On December 25, less than one week after the superior court entered the no-contact order, a neighbor saw that Taylor and Anna were having a verbal altercation in the driveway of their residence. Anna yelled out to the neighbor, stating that Taylor had hit her and asking the neighbor to call 911. Law enforcement responded to Taylor and Anna's residence soon after. When they arrived, law enforcement observed that Anna had bruising on her forehead and arms, a cut on her hand, and a swollen, black eye. Anna reported that Taylor had struck her in the head and face repeatedly.

The State charged Taylor with felony violation of a no-contact order predicated on his assault of Anna. Prior to trial, Taylor offered to stipulate that there was a no-contact order in place and that he knew of the no-contact order. Taylor also argued that due to his offer to stipulate, the no-contact order should be excluded from evidence at trial. The State refused to join in Taylor's offered stipulation. The trial court rejected Taylor's offer, ruling:

> [T]he general rule is the defendant cannot force the state to accept a stipulation. The exception to the general rule is the *Old Chief* situation, when there's a conviction, which is the thing that needs to be proven by the state. Under that limited circumstance the defendant may force the state to not be able to utilize the underlying -- conviction via a stipulation.
> That's not this situation.

3

Verbatim Report of Proceedings (VRP) at 48. The trial court admitted the no-contact order into evidence at trial. Taylor did not object to the content or form of the no-contact order and did not move to strike any portion of the order. The jury ultimately found Taylor guilty of felony violation of a no-contact order.

Taylor appealed his conviction. Division Three of the Court of Appeals reversed and remanded for a new trial, holding that the trial court abused its discretion under ER 403 by rejecting Taylor's offered stipulation and admitting the no-contact order into evidence. *State v. Taylor*, 4 Wn. App. 2d 381, 388-89, 421 P.3d 983 (2018). The Court of Appeals determined that the rationale of *Old Chief* applies to the admission of no-contact orders because a no-contact order is relevant to prove only a defendant's legal status. *Id.* at 388. The court further reasoned that "the risk of unfair prejudice from admitting the no-contact order substantially outweighed its probative value" because "there was no additional probative value to the no-contact order beyond Taylor's offered stipulation." *Id.* at 389.

The State petitioned this court for review, and we granted its petition. *State v. Taylor*, 192 Wn.2d 1030 (2019). Taylor moved to reverse the deoxyribonucleic acid (DNA) collection and criminal filing legal financial obligations imposed against him pursuant to this court's decision in *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). We denied Taylor's motion without prejudice "to raising the issue at a resentencing hearing in the superior court." Order, *State v. Taylor*, No. 96325-8, at 1 (Wash. Feb. 20, 2019).

4

ISSUE

Did the trial court abuse its discretion under ER 403 by rejecting Taylor's offered stipulation and admitting a domestic violence no-contact order into evidence in a felony violation of a no-contact order prosecution?

ANALYSIS

The State argues that the trial court did not abuse its discretion under ER 403 by rejecting Taylor's offered stipulation and admitting the no-contact order because a domestic violence no-contact order is admitted to prove more than a defendant's legal status and because the probative value of the no-contact order substantially outweighs any danger of unfair prejudice. We agree. We hold that *Old Chief* does not apply to the admission of domestic violence no-contact orders in felony violation of a no-contact order prosecutions. We also hold that the State is not required to accept a defendant's offer to stipulate to the existence of a domestic violence no-contact order and that a trial court does not abuse its discretion under ER 403 by admitting the no-contact order into evidence.

ER 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." A danger of unfair prejudice exists when evidence is more likely to stimulate an emotional response than a rational decision. *State v. Beadle*, 173 Wn.2d 97, 120, 265 P.3d 863 (2011). We

review a trial court's ruling under ER 403 for abuse of discretion. *State v. Scherf*, 192 Wn.2d 350, 387, 429 P.3d 776 (2018). A trial court abuses its discretion when its decision is manifestly unreasonable or is based on untenable grounds or reasons. *Id.*

"A 'stipulation' is an express waiver that concedes, for purposes of trial, the truth of some alleged fact, with the effect that one party need offer no evidence to prove it and the other is not allowed to disprove it." *State v. Case*, 187 Wn.2d 85, 90, 384 P.3d 1140 (2016). As a general rule, the State is not required to accept a defendant's offered stipulation regarding an element of the crime charged. *See State v. Brett*, 126 Wn.2d 136, 159, 892 P.2d 29 (1995). In addition,

> "[T]he State is not automatically precluded from presenting its evidence on an issue merely because the defendant offers a stipulation. . . . If the State does not agree to the stipulation, the issue remains open and the State can proceed to prove its case in the manner that it sees fit."

*State v. Pirtle*, 127 Wn.2d 628, 652, 904 P.2d 245 (1995) (alterations in original) (quoting *State v. Rice*, 110 Wn.2d 577, 598-99, 757 P.2d 889 (1988)). However, ER 403 requires that the State accept a defendant's offered stipulation when unfair prejudice substantially outweighs the relevance of the proffered evidence. *Id.*; *State v. Johnson*, 90 Wn. App. 54, 63, 950 P.2d 981 (1998). In such circumstances, the trial court also must accept the defendant's stipulation and exclude the proffered evidence under ER 403. *Johnson*, 90 Wn. App. at 63.

The United States Supreme Court recognized this exception in *Old Chief*. 519 U.S. at 191-92. In *Old Chief*, the defendant was charged with violating a federal

statute that prohibited possession of a firearm by anyone with a prior felony conviction. *Id.* at 174. Prior to trial, the defendant offered to stipulate that he had been convicted of a qualifying felony. *Id.* at 175. The defendant "argued that the offer to stipulate to the fact of the prior conviction rendered evidence of the name and nature of the offense inadmissible under Rule 403 of the Federal Rules of Evidence, the danger being that unfair prejudice from that evidence would substantially outweigh its probative value." *Id.* The prosecution refused to join in the stipulation, seeking to admit the order of judgment for the defendant's prior conviction into evidence. *Id.* at 177. The trial court admitted the order of judgment, and the jury returned a guilty verdict. *Id.*

The Supreme Court reversed the defendant's conviction, holding that a trial court abuses its discretion under Federal Rule of Evidence 403 when it rejects a defendant's offer to stipulate to the fact of a prior felony conviction to prove his or her felon status in a felon-in-possession prosecution. *Id.* at 174. Significantly, the Court was careful to limit its holding to "cases involving proof of felon status." *Id.* at 183 n.7. The Court reasoned that the trial court's decision to reject the defendant's offer to stipulate and admit the order of judgment amounted to an abuse of discretion because the danger of unfair prejudice substantially outweighed the order of judgment's probative value. *Id.* at 191.

The Court noted that the prosecution is generally entitled to prove its case by evidence of its own choice in order to present its case with full evidentiary force. *Id.*

7

at 186-87. However, the Court determined that this general rule has "virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." *Id.* at 190. The Court reasoned that the prosecution was required to prove only that the defendant's prior conviction fell within a broad category of qualifying felonies. *Id.* at 190-91. As a result, there was no appreciable difference in the evidentiary value of a stipulation to a qualifying felony and admission of the official record of that felony. *Id.* at 191. Moreover, the Court highlighted that "proof of the defendant's [felon] status goes to an element entirely outside the natural sequence of what the defendant is charged with thinking and doing to commit the current offense." *Id.*

Washington courts have adopted the exception recognized in *Old Chief* and applied it to our state's identical evidence rule, ER 403. *See Johnson*, 90 Wn. App. at 63; *State v. Garcia*, 177 Wn. App. 769, 777-78, 313 P.3d 422 (2013). However, Washington courts have not yet expanded the *Old Chief* rationale beyond the admission of prior convictions in felon-in-possession prosecutions. *See State v. Ortega*, 134 Wn. App. 617, 624-25, 142 P.3d 175 (2006) (expressing doubt as to whether *Old Chief* extends to the admission of prior violation of a protection order convictions). This case presents an issue of first impression: Does the rationale of *Old Chief* apply such that a trial court must accept an offer to stipulate to a prior no-

contact order in a felony violation of a no-contact order prosecution and exclude the order under ER 403?

Because this is an issue of first impression, it is helpful to explore how other courts have resolved whether *Old Chief* extends beyond the admission of prior convictions to prove only felon status. *See In re Det. of Pouncy*, 168 Wn.2d 382, 392 n.9, 229 P.3d 678 (2010) ("Where our evidence rules mirror their federal counterparts, we may look to federal case law interpreting the federal rules as persuasive authority in interpreting our own rules."). Both federal courts and other state courts have widely, but not universally, declined to apply the *Old Chief* rationale to other offenses or elements. *See, e.g., United States v. Williams*, 238 F.3d 871, 875-76 (7th Cir. 2001) (declining to extend *Old Chief* to a defendant's offer to stipulate to the elements of knowledge and intent in a drug possession prosecution); *Commonwealth v. Jemison*, 626 Pa. 489, 501-02, 98 A.3d 1254 (2014) (finding *Old Chief* distinguishable because the Pennsylvania felon-in-possession statute requires the commission of a specifically enumerated prior offense). These jurisdictions have reasoned that *Old Chief* is expressly limited to only the admission of prior convictions as proof of felon status. *See, e.g., United States v. Odeh*, 815 F.3d 968, 982 (6th Cir. 2016) ("Because this case does not involve a prosecution under the felon-in-possession statute, the *Old Chief* exception does not apply."); *People v. Brooks*, 3 Cal. 5th 1, 38, 396 P.3d 480, 219 Cal. Rptr. 3d 331 ("Defense counsel's proposed stipulation . . . did not concern defendant's status as a convicted felon. *Old Chief's*

9

exception to the general rule is not applicable here.") *cert. denied*, 138 S. Ct. 516 (2017). Courts have also noted that many of the issues addressed in *Old Chief* do not apply to other offenses: past crimes generally provide a narrative of events and prove multiple elements of the current charged offense. *United States v. Luck*, 852 F.3d 615, 624-25 (6th Cir. 2017).

We join these other jurisdictions and hold that the limited *Old Chief* rationale does not apply to the admission of domestic violence no-contact orders in felony violation of a no-contact order prosecutions. The admission of prior felony convictions in felon-in-possession prosecutions, as in *Old Chief*, is distinguishable from the admission of domestic violence no-contact orders.

Many of the concerns the Supreme Court highlighted in *Old Chief* are absent in felony violation of a no-contact order prosecutions. First, the *Old Chief* Court determined that the danger of unfair prejudice substantially outweighs the probative value of a prior felony conviction in part because a prior conviction involves actions independent of a felon-in-possession offense and is offered to prove that a defendant committed a general qualifying felony. But in a felony violation of a no-contact order case, the defendant is charged with violating the very no-contact order sought to be admitted. What's more, the State must show that the defendant violated a specific provision of that particular no-contact order. Accordingly, a no-contact order is closely related to a felony violation of a no-contact order charge, and the probative

value of introducing that no-contact order into evidence is greater than the probative value of showing a general felony conviction in *Old Chief.*

Additionally, while the *Old Chief* Court decided that the general rule that the prosecution can present evidence of its own choosing does not apply "when the point at issue is a defendant's legal status," 519 U.S. at 190, a no-contact order establishes more than mere status. A domestic violence no-contact order provides the date the order was entered, the order's expiration date, the protected party, the specific restrictions on contact between the defendant and the protected party, that consent cannot be used as a defense, and that the defendant knows of the order's existence and its contents. The introduction of a no-contact order provides evidence of multiple elements of a felony violation of a no-contact order charge and allows the State to present the jury with a full narrative of the events leading to the charged offense. Even the *Old Chief* Court recognized that "the prosecutor's choice will generally survive a Rule 403 analysis when a defendant seeks to force the substitution of an admission for evidence creating a coherent narrative of his thoughts and actions in perpetrating the offense for which he is being tried." *Id.* at 192.

Moreover, the Supreme Court concluded in *Old Chief* that a defendant's offered stipulation to a qualifying felony conviction is equivalent to the prosecution's order of judgment for that felony. But the same cannot be said here. To prove Taylor's felony violation of a no-contact order charge, the State was required to prove that there was a no-contact order in place that applied to Taylor, as well as that he

11

knew of the order, violated a provision of the order, and committed an assault. *See* RCW 26.50.110(1), (4). Taylor offered to stipulate that a no-contact order was in place and that he knew of the order, but his offered stipulation was insufficient in comparison to the no-contact order itself. By introducing the no-contact order, the State was able to show that a valid no-contact order was in place and the specific restrictions of the order Taylor violated. Excluding the no-contact order from evidence would allow Taylor to circumvent the full evidentiary force of the State's case. *See Old Chief*, 519 U.S. at 186-87 (stating that a "defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it."). Because the admission of prior felony convictions in felon-in-possession prosecutions is distinguishable from the admission of domestic violence no-contact orders, we decline to apply *Old Chief* here.

Taylor contends that inclusion of the term "Post Conviction" on the admitted domestic violence no-contact order was inherently prejudicial because the term indicated that he had been convicted of a domestic violence offense. Pl.'s Ex. 35, at 1. "A party may assign evidentiary error on appeal only on a specific ground made at trial." *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007). Taylor did not make a specific objection to the content or form of the domestic violence no-contact order or move to strike any portion of the order when it was admitted at trial. Moreover, Taylor did not argue that the checked "Post Conviction" box on the no-contact order prejudiced him. Accordingly, Taylor failed to preserve this issue for our

12

review.  Despite this, we note that a trial court may redact any portion of a no-contact order that poses a risk of unfair prejudice.  *Cf. State v. Roberts*, 142 Wn.2d 471, 492-94, 14 P.3d 713 (2000).  Indeed, the State conceded at oral argument that "[a] judge could exercise his or her discretion to redact what kind of order it is . . . . [The type of order] may trigger an emotional response."  Wash. Supreme Court oral argument, *State v. Taylor*, No. 96325-8 (May 28, 2019), at 7 min., 36 sec., *video recording by* TVW, Washington State's Public Affairs Network, http://www.tvw.org.

Taylor's domestic violence no-contact order was admissible under ER 403 because the probative value of the no-contact order far outweighed any danger of unfair prejudice.  The no-contact order had significant probative value as to Taylor's felony violation of a no-contact order charge.  The no-contact order provided the specific restrictions imposed on Taylor, was closely related to the charged offense, and offered evidence of multiple elements of the offense.  In addition, there was nothing particularly inflammatory or unfairly prejudicial about the no-contact order.  The no-contact order did not describe the nature of Taylor's prior domestic violence offense and was not more likely to stimulate an emotional, rather than a rational, decision from the jury.  As a result, admission of the domestic violence no-contact order did not create a risk of unfair prejudice to Taylor.  Consequently, the State was not required to accept Taylor's offered stipulation, and the trial court's decision to admit the no-contact order into evidence under ER 403 was based on tenable grounds.  Thus, the trial court did not abuse its discretion.

CONCLUSION

We hold that *Old Chief* does not apply to the admission of domestic violence no-contact orders in felony violation of a no-contact order prosecutions. Stated another way, we hold that the State is not required to accept a defendant's offer to stipulate to the existence of a domestic violence no-contact order and a trial court does not abuse its discretion under ER 403 by declining to accept a defendant's offered stipulation and admitting a domestic violence no-contact order into evidence. Accordingly, the trial court's decision to admit Taylor's domestic violence no-contact order was based on tenable grounds and reasons, and the trial court did not abuse its discretion. We reverse and remand to the Court of Appeals for further proceedings in that court.

_[signature]_

WE CONCUR:

_[signatures: Fairhurst, C.J.; Johnson; Madsen, J.; Stephens, J.; Wiggins, J.; González, J.; Yu, J.]_