IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37247-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERTO PEREZ ANDRADE, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Roberto Andrade appeals his convictions for drive-by shooting

and second degree unlawful possession of a firearm. We affirm.

BACKGROUND

The charges against Mr. Andrade stem from a drive-by shooting in Kennewick,

Washington. Several individuals were identified as being in the suspect vehicle. Two

of the individuals cooperated against Mr. Andrade.[1] Mr. Andrade's defense was that he

was not part of the shooting and the testimony from the cooperating witnesses was false.

---

[1] One of the two witnesses testified pursuant to a plea agreement.

Prior to trial, Mr. Andrade's attorney agreed to stipulate that Mr. Andrade had a prior conviction for simple assault-domestic violence that made him ineligible to possess a firearm. Mr. Andrade's attorney advised the court that he had agreed to the stipulation for strategic reasons. Specifically, the stipulation revealed Mr. Andrade did not have a prior felony conviction.

The court read the stipulation to the jury at the onset of trial:

> The parties have agreed that certain facts are true. You must accept as true that the person before the court, who has been identified in the charging document as defendant, Roberto Perez Andrade, was convicted on May 1st, 2018 of simple assault, domestic violence against a family or household member in City of Pasco versus Roberto Perez Andrade, Pasco Municipal Court Number 8Z0189223. The stipulation is to be considered evidence only of the prior conviction element. You are not to speculate as to the nature of the prior conviction. You must not consider the stipulation for any other purpose.

2 Report of Proceedings (RP) (Nov. 20, 2019) at 261. The court repeated this information as part of its final jury instructions. Clerk's Papers at 103.

The jury found Mr. Andrade guilty of drive-by shooting and second degree unlawful possession of a firearm. The trial court issued a sentence of 27 months' imprisonment followed by eighteen months' community custody for the drive-by shooting conviction. Mr. Andrade timely appeals.

2

ANALYSIS

Mr. Andrade contends he was deprived of his constitutional right to effective assistance of counsel when his attorney agreed to stipulate that Mr. Andrade had a prior conviction for a misdemeanor crime of domestic violence. According to Mr. Andrade, the domestic violence qualifier in the stipulation was unnecessary and overly prejudicial. He claims his attorney should have simply stipulated to the existence of a prior misdemeanor.

The state and federal constitutions guarantee criminally accused persons the right to effective assistance of counsel. U.S. CONST. amend. VI, WASH. CONST. art. I, § 22. A defendant appealing a conviction on the basis of ineffective assistance of counsel bears the burden of showing both deficient performance and prejudice. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). If either requirement is unmet, there is no valid claim for relief. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

Our review of defense counsel's performance requires considerable deference. *Strickland v. Washington,* 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "There is a strong presumption that counsel has rendered adequate assistance and has made all significant decisions in the exercise of reasonable professional judgment." *State v. Benn*, 120 Wn.2d 631, 665, 845 P.2d 289 (1993). "Because the presumption runs in favor of effective representation, the defendant must show in the record the absence of

legitimate strategic or tactical reasons supporting the challenged conduct by counsel."

*McFarland*, 127 Wn.2d at 336.

One of the charges against Mr. Andrade alleged he was a prohibited person in possession of a firearm. Proof of this charge required showing why Mr. Andrade was prohibited from possessing guns. Often the prohibition is based on a felony conviction. RCW 9.41.040(1), (2)(a)(i). However, Washington law also prohibits firearm possession by individuals convicted of certain misdemeanor crimes by one family or household member against another. RCW 9.41.040(2)(a)(i).

The problem with crimes that require proof of a prior conviction is that they involve exposing the jury to the defendant's prior bad conduct. This type of information is inherently prejudicial and inadmissible in other contexts. *See* ER 403, 404(b). To offset the prejudice inherent in proving a prior conviction, a defendant charged with unlawful firearm possession may enter into a stipulation, admitting to the existence of a disqualifying offense. *See Old Chief v. United States*, 519 U.S. 172, 174, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997). Submission of a stipulation reduces the prejudice that would be caused by exposing a jury to the name and nature of the defendant's prior conviction. *See id*. at 190-91.

A defendant's ability to offer a stipulation in lieu of proof of a prior conviction is an important procedural right. Nevertheless, the State retains the right to prove its case. *See State v. Taylor*, 193 Wn.2d 691, 701-02, 444 P.3d 1194 (2019). The defendant's stipulation cannot alter or delete the elements of the offense the State is required to prove. *See State v. Gladden*, 116 Wn. App. 561, 566, 66 P.3d 1095 (2003).

Here, one of the elements of Mr. Andrade's firearm offense was that he had been previously convicted of a crime against a family member. Former RCW 9.41.040(2)(a)(i) (2005); 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 133.02.03, at 633 (4th ed. 2016). To prove this element, the State either needed evidence of a qualifying conviction or a stipulation from Mr. Andrade that met the terms of the statute. A stipulation merely stating Mr. Andrade had previously been convicted of a misdemeanor would not have been sufficient.

Defense counsel reasonably understood the requirements of a sufficient stipulation and, as such, agreed to stipulate that Mr. Andrade's prior offense had involved domestic violence. We will not nitpick the specific wording chosen by defense counsel on appeal. It suffices that defense counsel's stipulation decision was reasonably strategic. Mr. Andrade was not deprived of his right to effective assistance of counsel.

No. 37247-2-III
*State v. Andrade*


CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:


_____
Fearing, J.


_____
Staab, J.

6