# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55058-0-II |
| Respondent, | |
| v. | |
| THOMAS NED TOBEY, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — Thomas Tobey was convicted of felony violation of a court order. He appeals, arguing that he was denied effective assistance of counsel both when defense counsel failed to stipulate to the existence of the no-contact order at issue and when defense counsel failed to request an exceptional downward sentence based on a mitigating factor.

We hold that Tobey was not denied effective assistance of counsel either for failure to stipulate to the existence of the no-contact order or for failing to request an exceptional sentence based on a mitigating factor. Accordingly, we affirm Tobey's conviction.

## FACTS

Tobey and Debra Doering dated for seven years and resided together. On November 10, 2019, Tobey and Doering were no longer residing together and there was an order in place that prohibited Tobey from contacting Doering. On that day, Doering returned to the residence she

previously shared with Tobey to get some of her personal belongings because she believed that Tobey would not be home.

When Doering arrived at the residence, Tobey was on the couch. When he saw Doering, Tobey began putting his shoes on and "reminded [her they] can't be there." Report of Proceedings (RP) at 41. Shortly after, officers arrived at the residence, responding to a dispatch call that a no-contact order was being violated. Doering testified that officers knocked on the door within a few minutes of her arrival. However, the arresting officer, Deputy Jacob Barrett, testified that 20-25 minutes passed between when he got the dispatch call and when he knocked on the door. Doering answered the door and told the officer that no one else was inside the residence, but the officer could see movement behind Doering that appeared to be a person. Eventually, Tobey came to the door. Tobey was then arrested and charged with domestic violence felony violation of a court order.

At trial, Doering and Deputy Barrett testified to the above facts. During Deputy Barrett's testimony, the trial court admitted the no-contact order into evidence without objection. The order provided that the defendant shall not "cause, attempt, or threaten to cause bodily injury to, assault, sexually assault, harass, stalk, or keep under surveillance the protected person." Ex. 2 at 1.

Tobey's defense at trial was that he did not knowingly violate the order because Doering showed up at his residence uninvited, and he did not know that she was going to do so. In closing argument, the State referred to the no-contact provision in the order itself, arguing, "[n]owhere does it say initiate contact." RP at 93. The jury found Tobey guilty of felony violation of a court order.

Tobey's sentencing range was 41-54 months. At sentencing, defense counsel requested a Drug Offender Sentencing Alternative (DOSA) and stated, "[i]f the Court doesn't issue a DOSA sentence we'd ask the Court to go to the bottom of the range because of the lack of felony convictions and him not really having control in this situation because there's no no[-]contact order on Ms. Doering." *Id.* at 107. Defense counsel also noted, "[Tobey] was at his place and [Doering] shows up there, and although I guess in hindsight he should have left, but should he really have to leave if it's his property or his residence?" *Id.* at 106.

The trial court denied the DOSA request, expressing concern that "if I put you on a DOSA I'm setting you up for failure" because Tobey "[kept] violating the law." *Id.* at 111. The trial court imposed a 41-month sentence, stating, "I don't think the DOSA is an appropriate sentence for you . . . but I do think the low end of the range is appropriate." *Id.*

Tobey appeals.

INEFFECTIVE ASSISTANCE OF COUNSEL

Tobey argues that he was denied effective assistance of counsel because his counsel failed to (1) stipulate to the existence of the no-contact order at issue, and (2) request an exceptional sentence based on a mitigating factor. We disagree.

A. LEGAL PRINCIPLES

The right to counsel includes the right to effective assistance of counsel. *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). To prevail on a claim of ineffective assistance of counsel, a defendant must show "(1) that defense counsel's conduct was deficient . . . ; and (2) that the deficient performance resulted in prejudice." *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004).

Performance is deficient if it falls below an objective standard of reasonableness based on the record established at trial. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). There is a strong presumption of effective assistance, but this presumption can be overcome when " 'there is no conceivable legitimate tactic explaining counsel's performance.' " *Grier*, 171 Wn.2d at 33 (quoting *Reichenbach*, 153 Wn.2d at 130). To establish prejudice, the defendant must show that " 'there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.' " *Id.* at 34 (quoting *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)). We need not address both prongs of the test when the defendant's showing on one prong is insufficient. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

B. ANALYSIS

*1. Failure to Stipulate to Existence of the No-Contact Order*

Tobey argues that defense counsel's failure to stipulate to the existence and his knowledge of the no-contact order constituted ineffective assistance because the stipulation likely would have been accepted, and because the order contains "inflammatory descriptions of domestic violence." Br. of Appellant at 6. Specifically, Tobey complains that the order provided that the restrained party shall not " 'cause, attempt, or threaten to cause bodily injury to, assault, sexually assault, harass, stalk, or keep under surveillance the protected person.' " *Id.* at 9 (quoting Ex. 2 at 1).

Felony violation of a court order requires the State to prove that the defendant knew of the existence of the order, violated one of its provisions, and that the defendant had at least two prior convictions for violating court orders. RCW 26.50.110(1)(a), (5). The no-contact order itself "provides evidence of multiple elements of a felony violation of a no-contact order charge." *State v. Taylor*, 193 Wn.2d 691, 701, 444 P.3d 1194 (2019). For example, the no-contact order provides

the dates during which the order is active, the specific restrictions on the defendant, and that the defendant has knowledge of the order. *Id.*

Even if we were to agree that counsel performed deficiently by failing to stipulate to the existence of the no-contact order and Tobey's knowledge of it, Tobey is unable to show prejudice. Tobey contends that the introduction of the no-contact order as an exhibit may have influenced the jury due to its "inflammatory details about domestic violence that did not apply in this case." Br. of Appellant at 9. The specific language that Tobey refers to, however, is the language that instructs a restrained party not to " 'cause, attempt, or threaten to cause bodily injury to, assault, sexually assault, harass, stalk, or keep under surveillance the protected person.' " *Id.* (quoting Ex. 2 at 1). This language does not describe acts committed by Tobey. Rather, it describes acts that any person restrained by a no-contact order is prohibited from engaging in.

The defendant in *Taylor* made a similar argument, claiming that admission of the no-contact order violated ER 403. 193 Wn.2d at 696. The court rejected this claim, explaining, "there was nothing particularly inflammatory or unfairly prejudicial about the no-contact order. The no-contact order did not describe the nature of [the defendant's] prior domestic violence offense and was not more likely to stimulate an emotional, rather than a rational, decision from the jury." *Id.* at 702-03 (explaining that, although "a trial court may redact any portion of a no-contact order that poses a risk of unfair prejudice," the order was not unfairly prejudicial). Likewise, here, Tobey

does not persuade us that boilerplate restraint provisions that do not describe acts Tobey was actually found to have committed caused him undue prejudice.[1]

Because Tobey cannot show prejudice, his ineffective assistance of counsel claim fails on this basis.

*2. Failure to Request Exceptional Sentence Based on Mitigating Factor*

Tobey argues that he was denied effective assistance of counsel because his attorney declined to seek an exceptional sentence downward based on Doering's initiation of the encounter as a mitigating factor that justified an exceptional sentence below the standard range. We disagree.

A trial court "may impose an exceptional sentence below the standard range if it finds that mitigating circumstances are established by a preponderance of the evidence." RCW 9.94A.535(1). One possible mitigating factor is that, "[t]o a significant degree, the victim was an initiator, willing participant, aggressor, or provoker of the incident." RCW 9.94A.535(1)(a).

Tobey contends that defense counsel performed deficiently because counsel did not "connect" Doering's initiation of the contact to a request for an exceptional downward sentence. Br. of Appellant at 11. However, even if we agreed that defense counsel was deficient in not requesting a downward departure, Tobey is still required to demonstrate that the trial court would

---

[1] Tobey also suggests, in passing, that "[a]t the very least, reasonable trial counsel would have offered to redact the portions of the no-contact order that did not apply in this case." Br. of Appellant at 8. Tobey offers no further argument on this point. "Passing treatment of an issue or lack of reasoned argument" does not merit our consideration. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). Furthermore, we are unpersuaded that Tobey suffered prejudice from his counsel's failure to seek redaction of this boilerplate language for the same reason we are unpersuaded that he suffered prejudice from his attorney's stipulation to the no-contact order.

have granted a downward departure had defense counsel expressly argued for one. Absent such a showing, Tobey cannot demonstrate prejudice.

Tobey relies on *State v. Bunker*, 144 Wn. App. 407, 183 P.3d 1086 (2008), to argue that he was prejudiced when defense counsel failed to argue for an exceptional sentence. In *Bunker*, the defendant was convicted of violating a no-contact order and requested an exceptional sentence below the standard range "based on the mitigating factor that [the victim] had been a 'willing participant in the commission of the offense.' " *Bunker*, 144 Wash. App. at 411. However, the trial court declined to consider an exceptional sentence because it did not believe it had discretion to do so, stating, " 'If I did have that discretion, I would probably do it.' " *Id.* Division I of this court reversed, holding that although the trial court was not required to impose a mitigated exceptional sentence, "[a] trial court's erroneous belief that it lacks the discretion to depart downward from the standard sentencing range is itself an abuse of discretion warranting remand." *Id.* at 421.

The trial court's indication that it did not think it had discretion to impose an exceptional sentence and that it would have been willing to do so was key to reversal in *Bunker*. Similarly, in *State v. McGill*, 112 Wn. App. 95, 47 P.3d 173 (2002), the trial court believed it did not have the discretion to impose an exceptional sentence downward, stating, " 'the legislature has decided that judges should not have discretion beyond a certain sentencing range' " and " 'I have no option but to sentence you within the range.' " 112 Wn. App. at 98-99. But defense counsel had failed to provide the trial court with favorable case law that would have supported a downward departure. *Id.* at 101-02; *see State v. Sanchez*, 69 Wn. App. 255, 262, 848 P.2d 208 (1993) (holding that a downward departure could be based on multiple controlled buys occurring prior to charging, where law enforcement controls the number of buys that occur and thus the number of charges that may

follow). The *McGill* court held that the defendant had been denied effective assistance of counsel because without being apprised of the correct status of the law, the trial court did not know it had the discretion to impose a downward departure. 112 Wn. App. at 102.

Here, the trial court did not express confusion about its discretion to impose an exceptional sentence. Defense counsel requested a DOSA, which the court denied. In explaining why it was denying the DOSA request, the court explained its concerns that Tobey "keep[s] violating the law" and that the court did not "think the DOSA is an appropriate sentence . . . but I do think the low end of the range is appropriate." RP 111. This language does not indicate that the trial court believed it could not impose an exceptional sentence. Rather, the court considered a sentencing alternative but rejected that alternative due to Tobey's prior violations of court orders and a concern that he would do so again in the future.

In addition, the trial court did not indicate that it was willing to impose a downward exceptional sentence if it had the discretion to do so. Rather, the court specifically stated that it thought "the low end of the range [was] appropriate." *Id.* In *State v. Hernandez-Hernandez*, 104 Wn. App. 263, 15 P.3d 719 (2001), Division III of this court held that, despite defense counsel's failure to argue that *Sanchez* supported an exceptional sentence, the defendant nevertheless failed to show prejudice because he did not demonstrate that the court would have imposed an exceptional sentence even if counsel had requested one. *Hernandez-Hernandez*, 104 Wn. App. at 266. Although *Hernandez-Hernandez* involved a non-statutory mitigating factor, Tobey similarly cannot show that the trial court would have imposed an exceptional sentence upon request. *See id.* Because Tobey cannot establish that there was resulting prejudice, his ineffective assistance of counsel claim on this basis fails.

No. 55058-0-II

CONCLUSION

Tobey was not denied effective assistance of counsel either at trial or at sentencing. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, P.J.

MAXA, J.