# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Respondent,

      v.

EDWIN GRAVES MAEURER,

                Appellant.

DIVISION ONE

No. 81557-1-I

UNPUBLISHED OPINION

DWYER, J. — Edwin Maeurer appeals from his two convictions of child molestation in the third degree. Maeurer asserts that the trial court erred by admitting certain evidence in violation of ER 404(b). Additionally, Maeurer contends that his defense attorney provided ineffective assistance by not objecting to the exclusion of certain testimony. Finally, Maeurer asserts that cumulative error deprived him of a fair trial. Because Maeurer fails to establish an entitlement to relief on any of these claims, we affirm.

I

Edwin Maeurer and Sunshine Ward were in a relationship and lived in a house together. In 2014, Ward's 14 year old daughter, A.E., moved into the house. Between 2014 and 2016, Maeurer made numerous sexual advances toward A.E.

The first time that A.E. recalled Maeurer touching her inappropriately was sometime in 2014 when A.E. was learning how to drive. On this occasion, A.E.

was alone in a vehicle with Maeurer. While A.E. was sitting in the passenger seat of the vehicle, Maeurer performed a "random brake check," reached toward A.E., and grabbed her breasts. Thereafter, Maeurer continued to occasionally perform "random brake checks" and grab A.E.'s breasts when he drove with A.E.

A.E. also recalled that Maeurer touched her inappropriately sometime in 2015. A.E. had "lower back problems" and Maeurer offered to give her a "massage." Maeurer unbuttoned A.E.'s pants and removed her underwear. While A.E. was laying on her stomach, Maeurer "rubbed [her] butt and continued to get lower and go towards [her] vagina." However, A.E. repositioned her body such that "he wouldn't be able to touch" her vagina. Maeurer "asked what was wrong" and A.E. "just turned away and covered [her]self up." Maeurer then stopped touching A.E. on this occasion.

Then, for several months in 2016, Maeurer gave A.E. massages approximately once per week. A.E. recalled that, for several of these massages, Maeurer "grab[bed] a towel from his bathroom and baby oil." Maeurer then placed the towel on his bed and A.E. laid "face down" on the towel. While A.E. laid down, Maeurer unhooked her bra and removed her pants and underwear. Maeurer "would mainly play with [A.E.'s] butt," but he also attempted to touch her breasts and vagina. During these massages, A.E. "could feel something that wasn't his hand or a normal body part touching [her] butt." A.E. believed that Maeurer touched her with his exposed penis.

Additionally, on more than one occasion, Maeurer asked A.E. to engage in sexual intercourse with him. According to A.E., Maeurer offered her money and

2

said that he would pay her to "put it in" her. A.E. understood this to mean that Maeurer wanted to put his penis inside of her.

One day, Maeurer gave A.E. a dildo. Approximately 20 minutes after giving A.E. the dildo, Maeurer entered her bedroom and asked whether she "needed help using it."

Furthermore, according to A.E., Maeurer frequently made comments about how her "breasts and . . . butt would look in . . . certain pieces of clothing." A.E.'s friend, Katelyn Howard, also recalled hearing Maeurer compare A.E.'s body to Ward's body. Similarly, Howard's mother heard Maeurer compare A.E.'s breasts to Ward's breasts and make "jokes about how she look[ed] like her mother, but a younger version."

While A.E. was living with Maeurer and Ward, A.E.'s brother found a photograph on Maeurer's cell phone that depicted Ward with Maeurer's semen on her face. A.E.'s brother, under the mistaken belief that this photograph depicted A.E. instead of Ward, informed his father and stepmother about the photograph.

On A.E.'s 16th birthday, A.E.'s father asked her about the photograph. Although the photograph did not depict A.E., she informed her father and stepmother that Maeurer had been touching her inappropriately.

The State charged Maeurer with two counts of child molestation in the third degree.[1] Following a jury trial, Maeurer was found guilty as charged. The

---

[1] In the information, each of the counts contained the same language, which provided: On or about from the 31st day of July, 2014 to the 30th day of July 2016, in the County of Whatcom, State of Washington, the above-named Defendant, being at least forty-eight (48) months older than A.E., had sexual contact with A.E., who

trial court imposed a standard range sentence of 60 months of incarceration for each count, to run concurrently.

Maeurer appeals.

II

Maeurer contends that the trial court erred by admitting testimony regarding comments that Maeurer made to A.E. about her body. According to Maeurer, the trial court should have excluded this testimony under ER 404(b). We disagree.

A

When the admissibility of evidence is challenged by invocation of ER 404(b), we review a trial court's ruling to admit or exclude the evidence for abuse of discretion. State v. Fisher, 165 Wn.2d 727, 745, 202 P.3d 937 (2009). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. State v. Taylor, 193 Wn.2d 691, 697, 444 P.3d 1194 (2019). Additionally, we may affirm the trial court's ruling "on any ground within the pleadings and proof." State v. Michielli, 132 Wn.2d 229, 242, 937 P.2d 587 (1997).

B

As a general rule, "[a]ll relevant evidence is admissible." ER 402. One exception to this general rule is provided by ER 404(b), which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such

---

was at least fourteen (14) years old but less than sixteen (16) years old, and not married to the defendant; contrary to Revised Code of Washington 9A.44.089, which violation is a class C felony.

as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In determining whether evidence of other misconduct is admissible under ER 404(b),

the trial court must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect.

State v. Vy Thang, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002).

"This analysis must be conducted on the record, and if the evidence is admitted, a limiting instruction is required." State v. Arredondo, 188 Wn.2d 244, 257, 394 P.3d 348 (2017).

C

Prior to trial, Maeurer filed a motion in limine to exclude testimony from Howard "about a comment Edwin Maeurer allegedly made [to A.E.] to the effect of you are a beautiful young woman, and you look like your mother." Maeurer asserted that this testimony should be excluded under ER 404(b). The trial court denied this motion.

Additionally, on the day that the trial commenced, the State called A.E. to testify, outside the presence of the jury, as an offer of proof. A.E. testified that Maeurer would frequently "talk about [her] breasts, [her] butt, [and] how [she] would look in some clothing." The State sought to obtain a ruling from the trial court authorizing A.E. to testify about the comments that Maeurer had made about her body. During the hearing on the offer of proof, Maeurer's attorney argued, among other things, that the testimony regarding these comments

should be excluded under ER 404(b).  The trial court ruled that the testimony was admissible as evidence of Maeurer's "lustful disposition" toward A.E.

D

There are three reasons why the trial court did not err by ruling that the testimony in question was admissible.  First, our Supreme Court "has consistently recognized that evidence of collateral sexual misconduct may be admitted under ER 404(b) when it shows the defendant's lustful disposition directed toward the offended [person]."  State v. Ray, 116 Wn.2d 531, 547, 806 P.2d 1220 (1991) (citing State v. Camarillo, 115 Wn.2d 60, 70, 794 P.2d 850 (1990); State v. Ferguson, 100 Wn.2d 131, 133-34, 667 P.2d 68 (1983)).  "'The important thing is whether it can be said that it evidences a sexual desire for the *particular* [person].'"  Ray, 116 Wn.2d at 547 (emphasis added) (quoting Ferguson, 100 Wn.2d at 134).  Moreover, "'[t]he kind of conduct receivable to prove this desire at such . . . subsequent time is whatever would naturally be interpretable as the expression of sexual desire.'"  Ray, 116 Wn.2d at 547 (second alteration in original) (internal quotation marks omitted) (quoting Ferguson, 100 Wn.2d at 134).

The comments that Maeurer made to A.E. about her body tended to prove that Maeurer had a lustful disposition toward A.E.  Indeed, these comments tended to show that Maeurer was sexually attracted to A.E.  Therefore, the trial court did not err by ruling that the testimony regarding these comments was admissible to demonstrate Maeurer's lustful disposition toward A.E.

Next, "evidence that completes the story of the crime charged or provides immediate context for events close in both time and place to that crime is not subject to the requirements of ER 404(b)." State v. Sullivan, 18 Wn. App. 2d 225, 237, 491 P.3d 176, 183 (2021). Indeed, "[s]uch evidence is not of *other* misconduct of the type addressed in ER 404(b)." Sullivan, 18 Wn. App. 2d at 237 (citing State v. Grier, 168 Wn. App. 635, 647, 278 P.3d 225 (2012)). Rather, evidence of this kind "'more appropriately falls within ER 401's definition of "relevant" evidence, which is generally admissible under ER 402, rather than an exception to propensity evidence under ER 404(b).'" Sullivan, 18 Wn. App. 2d at 236 (internal quotation marks omitted) (quoting State v. Dillon, 12 Wn. App. 2d 133, 148, 456 P.3d 1199, review denied, 195 Wn.2d 1022 (2020)).

The testimony regarding the comments that Maeurer made to A.E. about her body completed the story of the crimes charged. Indeed, Maeurer was charged with violating RCW 9A.44.089(1), which provides:

> A person is guilty of child molestation in the third degree when the person has, or knowingly causes another person under the age of eighteen to have, *sexual contact* with another who is at least fourteen years old but less than sixteen years old and the perpetrator is at least forty-eight months older than the victim.

(Emphasis added.)

Notably, "'[s]exual contact' means any touching of the sexual or other intimate parts of a person *done for the purpose of gratifying sexual desire* of either party or a third party." RCW 9A.44.010(2) (emphasis added).

The comments that Maeurer made to A.E. about her body provided significant context to complete the story of the crimes charged. In particular,

7

these comments tended to show that Maeurer touched A.E.'s intimate parts for the purpose of gratifying a sexual desire. At trial, Maeurer denied ever touching A.E. in a sexual manner. According to Maeurer, he massaged A.E.'s shoulders on one occasion, but only while she was clothed and Ward was present. The challenged testimony supported both the State's theory that Maeurer had improperly touched A.E. and its theory that he did so to gratify a sexual desire.

Finally, "ER 404(b) is not designed 'to deprive the State of relevant evidence necessary to establish an essential element of its case,' but rather to prevent the State from suggesting that a defendant is guilty because he or she is a criminal-type person who would be likely to commit the crime charged." State v. Foxhoven, 161 Wn.2d 168, 175, 163 P.3d 786 (2007) (quoting State v. Lough, 125 Wn.2d 847, 859, 889 P.2d 487 (1995)). After all, "[i]t is a fundamental precept of criminal law that the prosecution must prove every element of the crime charged beyond a reasonable doubt." State v. Brown, 147 Wn.2d 330, 339, 58 P.3d 889 (2002). The State bore the burden to prove that Maeurer had "sexual contact" with A.E. RCW 9A.44.089(1). In order to establish this element, the State was required to show that Maeurer touched A.E.'s intimate parts "for the purpose of gratifying sexual desire." RCW 9A.44.010(2). The comments that Maeurer made to A.E. about her body tended to show that, when Maeurer touched A.E., he did so in order to gratify a sexual desire.[2]

---

[2] Maeurer contends that the testimony regarding the comments that he made to A.E. about her body "was not admissible to prove the element of sexual gratification because that element was not disputed at trial." Br. of Appellant at 11. However, before Maeurer testified, his counsel moved for a directed verdict, asserting that, with regard to one of the counts charged, there was insufficient evidence to support a jury finding that Maeurer touched A.E. for the purpose of gratifying a sexual desire. Therefore, whether Maeurer touched A.E. to gratify a sexual desire was, in fact, in dispute.

Accordingly, Maeurer's assignment of error fails.

III

Maeurer next contends that his trial attorney provided ineffective assistance of counsel by not objecting to testimony describing a photograph in which Ward was depicted with Maeurer's semen on her face. According to Maeurer, his trial attorney should have objected to this testimony because it was irrelevant and unduly prejudicial. Because defense counsel's decision to not object to this testimony can be described as a legitimate trial strategy, we disagree.

The defendant bears the burden to prove ineffective assistance of counsel. State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). To meet this burden, the defendant must establish that

> (1) defense counsel's representation was deficient, *i.e.*, it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced the defendant, *i.e.*, there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different.

McFarland, 127 Wn.2d at 334-35.

"To combat the biases of hindsight, our scrutiny of counsel's performance is highly deferential and we strongly presume reasonableness." In re Pers. Restraint of Lui, 188 Wn.2d 525, 539, 397 P.3d 90 (2017). "For many reasons . . . the choice of trial tactics, the action to be taken or avoided, and the methodology to be employed must rest in the attorney's judgment." State

v. Piche, 71 Wn.2d 583, 590, 430 P.2d 522 (1967). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "When counsel's conduct can be characterized as legitimate trial strategy or tactics, performance is not deficient." State v. Kyllo, 166 Wn.2d 856, 863, 215 P.3d 177 (2009).

During opening argument, Maeurer's counsel emphasized the sexually explicit photograph depicting Ward in order to demonstrate that the investigation of Maeurer was rushed and based on a mistaken belief:

> Good afternoon, ladies and gentlemen of the jury. I think it's important to start with how this case was generated. The State made reference to a picture that the brother of [A.E.] found of an explicit nature of [A.E.]'s mother, Sunny, on the phone of Mr. Maeurer, and Mr. Maeurer and Sunny Ward were in a dating relationship. The picture was on Mr. Maeurer's phone. [A.E.]'s brother is going through the phone, sees the picture, remarkably somehow confuses it with his sister, who is 15 years old, and his mom is in her 30s.
>
> Based on that mistaken belief, I expect the testimony to show, the evidence to show that [A.E.] was taken to her therapist, and I'll briefly mention that I expect the evidence to show that [A.E.] was already in therapy previous to 2014. Goes to the therapist. Before she goes to the therapist, actually, she says that's not me. That picture is not me, but she makes a disclosure, what can be characterized as a disclosure. Goes to the therapist. The therapist sends a request to a [child protective services] worker.
>
> What I expect the evidence to show based on that is the CPS worker interviews [A.E.], but doesn't follow proper protocol. This also occurs in front of Officer Brown, Everson Police Department. Officer Brown -- to say it wasn't an investigation is an understatement. Officer Brown did absolutely nothing but listen to the allegation.
>
> He immediately goes and makes an arrest. He did not talk or interview, for example, [A.E.]'s mother, who was there during this period of time, Sunny. He did not interview [A.E.]'s brother . . . ; did

10

not talk to the therapist; did nothing after maybe from the time the report I expect hit his desk or the call, to the time arrest is made, four hours. That's it.

I also expect the testimony or the evidence to show that at least one event that was described on August the 4th, which is the date that all of this, all of these things happened, August 4th, 2016, when Mr. Maeurer is arrested by Officer Brown after not doing an investigation, I expect a further incident between [A.E.] and Officer Brown where she says one of these things could have been a dream. I don't know. It could have been a nightmare, but at that point, see, the problem is it's too late, because Edwin Maeurer is already arrested. There's no take-backs for that.

Thus, defense counsel made use of the disputed evidence to further a legitimate trial strategy. Counsel's representation has, therefore, not been shown to be deficient. Because both prongs of the ineffective assistance of counsel test must be met for appellate relief to be warranted, the failure to demonstrate either prong ends our inquiry.[3] State v. Classen, 4 Wn. App. 2d 520, 535, 422 P.3d 489 (2018).

Affirmed.

_____
Duyn, J.

WE CONCUR:

_____     _____
Chun, J.                    Smith, J.

---

[3] Maeurer also asserts that cumulative error deprived him of a fair trial. "The cumulative error doctrine applies when several trial errors occurred and none alone warrants reversal but the combined errors effectively denied the defendant a fair trial." State v. Jackson, 150 Wn. App. 877, 889, 209 P.3d 553 (2009). Because no trial errors occurred, there was no cumulative error.