# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

          Respondent,

          v.

WIN JAMES,

          Appellant.

No. 83822-9-I

DIVISION ONE

UNPUBLISHED OPINION

BIRK, J. — Win James appeals his conviction and sentence for domestic violence felony violation of a no-contact order. The trial court admitted copies of two prior judgments and sentences for violation of a no-contact order and their accompanying statements on plea of guilty under ER 404(b). James asserts this was error, arguing the exhibits were not relevant to prove an element of the crime and their prejudicial impact outweighed their probative value. We conclude the admission of one of the convictions served as evidence supporting James's knowledge of the existence of the order and James's knowledge that he was violating its provisions, and any error in admitting the other was harmless. We accept the State's concession that the trial court improperly imposed a community custody fee. We affirm James's conviction, reverse the imposition of the community custody fee, and remand to strike the community custody fee.

I

While driving on patrol on August 20, 2020, Washington State Patrol Lieutenant Christopher Caiola, observed a man and woman arguing outside of a car on a road shoulder of I-5. The woman had a child with her. Caiola later identified the man as James and the woman as S.A. A domestic violence no-contact order, entered on December 30, 2015, protected S.A. from James for five years. When Caiola asked S.A. what had happened, S.A. said, " 'He hit me.' " Caiola noticed S.A.'s cheek was red and appeared swollen, and her lip was swollen.

The State charged James with domestic violence felony violation of the December 30, 2015 court order under former RCW 26.50.110 (2019). To convict James, each of the following five elements of the crime was required to be proved beyond a reasonable doubt:

(1) That on or about August 20, 2020, there existed a no-contact order applicable to the defendant;
(2) That the defendant knew of the existence of this order;
(3) That on or about said date, the defendant knowingly violated a provision of this order;
(4) That either
   a. The defendant's conduct was an assault, or
   b. The defendant has twice been previously convicted for violating the provisions of a court order; and
(5) That the defendant's act occurred in the State of Washington.

11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 36.51.02, at 714-15 (5th ed. 2021).

During motions in limine, the court admitted a redacted version of the December 30, 2015 no-contact order. The State moved to admit four documents:

2

certified copies of two statements of guilty pleas and their associated judgments and sentences of two prior convictions for violations of a no-contact order. In the first pair of documents, James pleaded guilty and was sentenced on December 30, 2015 for willfully violating a prior court order by coming within 1,000 feet of S.A. on December 18, 2015.[1] Also on December 30, 2015, the same court entered the no-contact order the State charged James with violating in the present case. In the second pair of documents, James pleaded guilty and was sentenced on July 9, 2019 for knowingly violating a "no contact order issued by King County District Court" by intentionally contacting S.A. on August 2, 2018.

The parties initially stipulated to the fact James had two prior convictions, which was to serve as evidence only of their existence. The State disclosed it planned to use the stipulation additionally to argue the prior convictions showed James had "knowledge of those things." When the trial court indicated the stipulation did not provide for the latter, the State moved to offer the documents under ER 404(b) as evidence of "knowledge." The trial court granted the State's motion. In its ruling, the court noted, "evidence of a prior conviction of the exact same thing is evidence that the defendant knew or should have known, I suppose, that he was not to have contact, or at least what the meaning of a no-contact order is and, in particular, this no-contact order with regard to this person." The court found, "the prejudicial effect is significantly dampened by the fact that the jury's already going to have this evidence for a different purpose. It will be in front of

---

[1] It is not clear from the documents if the handwritten date is December 18, 2015 or December 15, 2015. In its closing argument, the State referred to the date as being the 18th, and we have assumed this is correct.

them already. It will not constitute a surprise." The probative value of the prior convictions was "very strong" because they "strongly suggest . . . that a person who was convicted of these things had every reason to know that he wasn't supposed to have contact." The trial court allowed James to withdraw from the earlier stipulation. Redacted versions of the documents were admitted at trial. James did not request and the trial court did not give a limiting instruction on these four exhibits. The jury convicted James as charged.

At sentencing, the trial court imposed a standard range sentence and ordered James to serve 12 months of community custody. After inquiring about his ability to pay legal financial obligations, the court found James indigent and waived "additional court costs and fees." As a condition of community custody, the judgment and sentence provides, "the defendant shall . . . pay supervision fees as determined by [the Department of Corrections]." James appeals.

II

A

James argues the trial court erred by admitting the four documents because they were irrelevant to prove an element of the crime charged and the prejudicial impact of these exhibits outweighed their probative value. A trial court's decision to admit evidence of other acts is reviewed for abuse of discretion. State v. Denham, 197 Wn.2d 759, 771, 489 P.3d 1138 (2021). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or based on untenable reasons. State v. Dye, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013).

4

Evidence of other crimes is not admissible to prove the character of a person in order to show action in conformity therewith, but it may be admissible for other purposes. ER 404(b). Prior to the admission of evidence under ER 404(b), the trial court must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect. State v. Fisher, 165 Wn.2d 727, 745, 202 P.3d 937 (2009). "It is likely a reversible error to admit evidence about prior convictions, 'unless that evidence pertained to another element of the crime and unless the trial judge properly found that the probative value of such evidence outweighed its significant prejudicial effect.' " State v. Nguyen, 10 Wn. App. 2d 797, 820, 450 P.3d 630 (2019) (quoting State v. Case, 187 Wn.2d 85, 91, 384 P.3d 1140 (2016)).

James argues the trial court erred in finding the prior convictions relevant and that their prejudicial effect did not substantially outweigh their probative value. In Nguyen, we held the trial court did not abuse its discretion by admitting the defendant's guilty pleas to prove that the defendant knew of a no-contact order and knowingly violated it. 10 Wn. App. 2d at 821. A trial court issued several no-contact orders protecting the defendant's partner after several incidents of domestic violence. Id. at 801-02. After the defendant repeatedly contacted the protected party via text messages, the State charged him with two counts of domestic violence felony violation of a court order and felony stalking. Id. at 802-06. We held entering the guilty pleas with the no-contact orders constituted

stronger evidence of the defendant's knowledge than admitting the orders alone. Id. at 821.

The same reasoning applies to James's July 9, 2019 guilty plea and judgment and sentence for violating the December 30, 2015 no-contact order in 2018. As in Nguyen, admitting evidence of his guilty plea to violating the no-contact order was stronger evidence of his knowledge of the December 30, 2015 order and his conduct being a knowing violation than admitting the order alone. The same cannot be said of his guilty plea on December 30, 2015 to committing a violation on December 18, 2015. The December 30, 2015 order stated on its face that it was a "replacement" order, and James's trial brief made reference to the original no-contact order having stemmed from a malicious mischief conviction. We can infer that the December 30, 2015 order was reissued in connection with James's guilty plea on that date to violating an earlier order. But none of that is in the record, and the State in this case only charged violation of, and knowledge of, the December 30, 2015 order. Evidence that James committed a violation on December 18, 2015 is evidence that he knew he could not contact S.A., but it is not evidence he knew of an order entered 12 days later. The reasoning of Nguyen does not directly support the admission of this prior conviction in the same way it supports admission of the later one.

Nevertheless, even if admitting the earlier conviction to prove knowledge had been error, it would be harmless. In analyzing the erroneous admission of evidence in violation of ER 404(b), we apply the nonconstitutional harmless error standard. State v. Gunderson, 181 Wn.2d 916, 926, 337 P.3d 1090 (2014). Under

6

this standard, the error is harmless unless " 'within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected.' " State v. Smith, 106 Wn.2d 772, 780, 725 P.2d 951 (1986) (quoting State v. Cunningham, 93 Wn.2d 823, 831, 613 P.2d 1139 (1980)). "The error is harmless if the evidence is of minor significance compared to the overall evidence as a whole." State v. Everybodytalksabout, 145 Wn.2d 456, 469, 39 P.3d 294 (2002).

A no-contact order "provides evidence of multiple elements of a felony violation of a no-contact order charge." State v. Taylor, 193 Wn.2d 691, 701, 444 P.3d 1194 (2019). A domestic violence no-contact order provides the dates during which the order is active, identifies the protected party, and shows that the defendant knows of the order's existence and its contents. Id. The December 30, 2015 no-contact order served as evidence of both knowledge elements. The order identified S.A. as the protected party and prohibited James from coming near or contacting S.A. James's signature on the order showed he knew the order existed and knowingly violated it. Moreover, with the 2019 guilty plea admissible under the reasoning of Nguyen, any extent to which the guilty plea for a violation occurring before the December 30, 2015 order failed to similarly show relevant knowledge did not add any significant prejudice.

B

James argues the trial court erred by failing to give a required limiting instruction after admitting the ER 404(b) evidence. We disagree.

7

If the evidence is admitted under ER 404(b), the trial court must also give a limiting instruction to the jury. Gunderson, 181 Wn.2d at 923. But the trial court has no duty to give an ER 404(b) limiting instruction sua sponte; a limiting instruction must be requested. State v. Russell, 171 Wn.2d 118, 123, 249 P.3d 604 (2011).

Here, the trial court did not provide any limiting instruction on how the admitted exhibits were to be used. Neither James nor the State requested a limiting instruction, and under Russell, the trial court was not required to provide one sua sponte. Accordingly, James's argument that the court erred by failing to provide a limiting instruction is meritless. We affirm James's conviction.

III

The State concedes the trial court improperly imposed a community custody fee on James despite finding him indigent. We accept the State's concession.

Community custody supervision fees are discretionary legal financial obligations. State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199 (2020). Under former RCW 9.94A.703(2)(d) (2018), a trial court could waive community custody supervision fees. In 2022, the legislature amended RCW 9.94A.703(2) and removed subsection (d). See SECOND SUBSTITUTE H.B. 1818, 67th Leg., Reg. Sess. (Wash. 2022). The amended statute does not provide for the imposition of community custody supervision fees. RCW 9.94A.703. Costs imposed under former RCW 9.94A.703(2)(d) were not final until the termination of all appeals. State v. Wemhoff, 24 Wn. App. 2d 198, 202, 519 P.3d 297 (2022). The cost statute "in effect at the conclusion of a defendant's appeal appl[ies] to a defendant's case."

8

Id. Because of the amended statute and trial court's intent to waive discretionary legal financial obligations, we accept the State's concession and reverse the imposition of the community custody supervision fee.

IV

We affirm James's conviction, reverse the imposition of the community custody fee, and remand to strike the community custody supervision fee from his judgment and sentence.

_Birk, J._

WE CONCUR:

_Feldman, J._ _Chung, J._